# EXHIBIT 3

# Declaration of Robin A. Stark-Nutter

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ROBERT LEE BOWEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 6:19-CV-00009-RSB-CLR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

## DECLARATION OF ROBIN A. STARK-NUTTER
## FEDERAL BUREAU OF INVESTIGATION

I, Robin A. Stark-Nutter, hereby declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am the Section Chief of the National Instant Criminal Background Check System (NICS) Section, Criminal Justice Information Services (CJIS) Division, Federal Bureau of Investigation (FBI), United States Department of Justice (DOJ). I was designated as the Section Chief of NICS in January 2017. As the Section Chief of NICS, I oversee the operational functions of the Section. I entered on duty with the FBI in October 1995 as a Management and Program Analyst.

2. It is the FBI NICS' position that Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) National Firearms Act (NFA) transfers do not fall within the purview of the NICS provisions of the Brady Handgun Violence Prevention Act of 1993 (Brady Act), now codified, in part, at 34 U.S.C. § 40901.

3.  The Brady Act directed the Attorney General to establish and operate a nationwide background check system that licensed firearms dealers can contact, by phone or electronically, to be informed whether information in the system indicates that transfer of a firearm to a particular individual would be prohibited. 18 U.S.C. §§ 922(t)(1) & (t)(2). The Attorney General established the NICS, 28 C.F.R. § 25.1 et seq., and assigned management of the NICS to the FBI. 28 C.F.R. § 25.3.

4.  The Brady Act allows for individuals who are denied the transfer of a firearm, via an FFL, to appeal the decision. *See* 34 U.S.C. § 40901(g) ("If the system established under this section informs an individual contacting the system that receipt of a firearm by a prospective transferee would violate subsection (g) or (n) of section 922 of title 18, United States Code, or any State or local law, the prospective transferee...may submit to the Attorney General information to correct, clarify, or supplement records of the system with respect to the prospective transferee.").

5.  The FBI is not the adjudicating or denying agency of NFA transfers, as the ATF has been assigned this responsibility.

6.  The regulations establishing the appeal process require an individual challenging his denial to contact the "denying agency, i.e., the FBI or POC [Point of Contact State]." 28 C.F.R. § 25.10(c). The ATF is neither the FBI nor a point of contact state. *See* 28 C.F.R. § 25.2 (defining, in pertinent part, point of contact as "a state or local law enforcement agency serving as an intermediary between an FFL and the federal databases checked by the NICS." FBI therefore does not permit an administrative appeal from the denial of a National Firearms Act transfer.

7. Title 18 U.S.C. § 925A provides a judicial remedy for any person denied a firearm as a result of the provision of erroneous information by the NICS. This judicial remedy is limited to those persons denied a firearm under subsections (s) and (t) of section 922 (i.e., those persons denied a firearm transfer by a licensed importer, licensed manufacturer, or a licensed dealer).

8. Moreover, NICS checks are not the only resource check conducted by ATF to determine whether the transfer, receipt, or possession of a firearm would violate the law. Additional information and additional checks may be conducted or obtained by the ATF in making a final determination for an NFA transfer. Due to these considerations, the NICS Section may not certify that a particular individual is eligible to possess or receive NFA firearm.

I declare under penalty of perjury, pursuant to Title 28, United States Code, Section 1746, that the foregoing is true and correct.

Executed this 17 day of June 2019

Robin A. Stark-Nutter
NICS Section Chief
CJIS Division
Federal Bureau of Investigation